UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

BOARD OF TRUSTEES OF THE INSURANCE, ANNUITY, SCHOLARSHIP, AND APPRENTICESHIP TRAINING FUNDS OF SHEETMETAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 137,

**MEMORANDUM AND ORDER**
Case No. 09-CV-00465 (FB) (SMG)

                Plaintiffs,

-against-

MIDTOWN NEON SIGN CORP.,

                Defendant.
---------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
GILLIAN COSTELLO, ESQ.
Spivak & Lipton LLP
1700 Broadway
New York, NY 10019

**BLOCK, Senior District Judge:**

        On June 8, 2009, plaintiffs (the "Trustees") filed their first amended complaint seeking recovery of unpaid benefit contributions, liquidated damages, attorney's fees, costs and interest from defendant Midtown Neon Sign Corp. ("Midtown Neon"). Midtown Neon was duly served, *see* Docket Entry No. 9, but failed to respond or otherwise defend against the action, *see* Docket Entry No. 11 (Clerk's Entry of Default). The Trustees now move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

        A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all

well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Trustees allege that Midtown Neon was a party to a collective bargaining agreement ("CBA"), pursuant to which Midtown Neon was responsible for benefit contribution payments on behalf of Midtown Neon's covered employees. Compl. at 6-7. The Trustees allege that certain of Midtown Neon's employees were covered by the CBA, and that it "failed and refused to . . . make required contributions." Compl. at 8.

These allegations – now deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of ERISA. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Thus, Trustees' motion for a default judgment is granted.

Having established a violation of § 1145, the Trustees are entitled to the remedies set forth in § 1132(g)(2), as well as any additional damages stemming from Midtown Neon's breach of the CBA; the matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 7, 2009