UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BOARDS OF TRUSTEES OF THE INSURANCE,
ANNUITY, SCHOLARSHIP, AND
APPRENTICESHIP TRAINING FUNDS OF
SHEETMETAL WORKERS' INT'L ASSOC.,
LOCAL UNION NO. 137,

                                    Plaintiff,

   -against-                                                  ORDER
                                                           09-CV-465 (FB)

MIDTOWN NEON SIGN CORP.,

                                    Defendant.
------------------------------------------------------------X
GOLD, S., U.S.M.J.:

       By Order dated October 7, 2009, I directed plaintiff to submit documentation in support of its motion for default judgment, including records documenting the unpaid contributions for the period December, 2008 through February, 2009. Docket Entry 13. In response, plaintiff submitted, *inter alia*, a declaration from its counsel attesting to the amounts owed and documents that it purports are remittance reports.[1] Docket Entries 15 and 16-4. The "remittance reports," however, are plaintiff's own computer printouts, not reports submitted by defendant. Docket Entry 16-4. In fact, in its complaint, plaintiff alleges that defendant failed to submit remittance reports for the time period at issue. Am. Compl. ¶ 8. Plaintiff has failed to explain the inconsistency between defendant's failure to submit remittance reports and plaintiff's subsequent submission of remittance reports. In addition, there is no affidavit or declaration from plaintiff's administrator or an individual who has personal knowledge to attest to the amounts due or to explain how it calculated the amounts in these reports. *See*, *e.g.*, *Jacobson v. Empire Elec.*

---

[1] Both the remittance reports and the Accountants' Report contain employees' unredacted social security numbers. Docket Entries 16-4 and 16-5. Plaintiff shall correct these filings forthwith to comply with Federal Rule of Civil Procedure 5.2.

*Contractors, Inc.*, 339 Fed. Appx. 51, 53-54 (2d Cir. 2009) (noting that while the "Magistrate Judge faulted the Joint Board for failing to submit an affidavit by a bookkeeper or other custodian of records, the Joint Board responded to this concern before the district court by submitting the declaration of . . . a Joint Board administrator whose department 'monitors contributions remitted to the Joint Board by contributing employers'"). Accordingly, I find that plaintiff's submission is insufficient to support an award for unpaid contributions for the period of December, 2008 through February, 2009. *Cf. La Barbera v. Cab II Enterprises, Inc.*, 2009 WL 2447498, at *4-5 (E.D.N.Y. Aug. 10, 2009) (calculating damages as provided for in the CBA based on prior remittance reports where defendant failed to submit remittance reports for period at issue); *Jacobson v. Artemis Elec. Servs., Inc.*, 2007 WL 3232514, at *4-5 (E.D.N.Y. Nov. 1, 2007) (finding a sufficient basis to award damages where plaintiff submitted remittance reports provided by defendant).

In addition, plaintiff indicates that the Trust Agreements provide for interest at the rate of 10% per annum for delinquencies but fails to identify where in the several Trust Agreements submitted to this court the applicable provision may be found. *See* Costello Decl. ¶ 5, Docket Entry 15 (stating that the Funds adopted a 10% interest rate); Docket Entries 16-3 and 17 (various Trust Agreements). Accordingly, plaintiff shall identify which Trust Agreement is applicable and where in that Agreement the relevant interest provision is located.

Finally, plaintiff requests 20% of the unpaid contributions in liquidated damages but fails to identify any provision in the CBA or Trust Agreements that indicate that 20% is the applicable rate for delinquencies. *See* Costello Decl. ¶ 6. *See also* 29 U.S.C. § 1132(g)(2) (providing for a liquidated damages award in "an amount equal to the greater of – (i) interest on the unpaid contributions, or (ii) liquidated damages *provided for under the plan* in an amount not in excess

of 20 percent") (emphasis added).  As with the interest rate, plaintiff shall identify the applicable CBA or Trust Agreement provision that provides for liquidated damages in the amount of 20% of the unpaid contributions.

Plaintiff shall make a further submission in support of its damages award with respect to the unpaid contributions and interest and liquidated damages provisions no later than February 26, 2010.  Plaintiff is hereby directed to serve a copy of this Order upon defendant, and to file proof of service with the Court.[2]

SO ORDERED.

        /s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
February 19, 2010

*U:\eoc 2010\damages inquests\midtown neon order.docx*

---

[2] Plaintiff indicates that it sent my prior Order and its motion papers to defendant's Long Island City address on 45th Avenue but they were returned.  Docket Entries 14, 17.  According to the New York State, Department of State, Division of Corporations' website, Midtown Neon Sign Corp. is located at 550 West 30th Street, New York, NY 10001.  *See* http://appsext8.dos.state.ny.us/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY.  Although plaintiff also sent a copy of my Orders and  allegedly served defendant at a Long Island City address on 24th Street, that address does not appear to be defendant's address.  *See* Am. Compl. ¶ 5 (listing a Long Island City address on 45th Avenue).  Accordingly, plaintiff shall serve a copy of this Order on defendant at the Manhattan address.